UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS PETILLO, CDCR #AU-5662, | Case No.: 26-cv-01537-AJB-JLB |
| Plaintiff, | **ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |
| vs. | |
| LOS ANGELES POLICE DEPARTMENT; GAVIN NEWSOM; NANCY PELOSI; WHITE HOUSE; JOE BIDEN, | **(Doc. No. 1)** |
| Defendants. | |

Plaintiff Dennis Petillo, who is proceeding without counsel and incarcerated at Mule Creek State Prison, has filed a civil rights Complaint under 42 U.S.C. § 1983. (Doc. No. 1.) Petillo's handwriting is nearly impossible to read, but as far as the Court can tell, he seeks to hold the Los Angeles Police Department, the Governor of California, a former California Senator and President of the United States for conspiring to murder him. (*Id.* at 4–6.) Regardless of the facially frivolous nature of claims like these, Petillo has not paid the civil filing fee required by 28 U.S.C. § 1914(a), and is not entitled to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). Therefore, the Court **DISMISSES** his case.

26-cv-01537-AJB-JLB

## I.    FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed IFP.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Petillo did not pay the $405 filing fee required to commence civil action pursuant to 28 U.S.C. § 1914(a) at the time he filed suit, nor has he filed an application seeking leave to proceed IFP. Therefore, this civil action cannot proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.  And while the Court would ordinarily grant an unrepresented litigant leave to file an IFP application pursuant 28 U.S.C. § 1915(a), it finds doing so in this case would be futile.  This is because, as explained below, Petillo's litigation history shows he is no longer entitled to that privilege, and his Complaint contains no plausible allegations of imminent danger of serious physical injury at the time of filing.

### A.    Section 1915(g)'s Three-Strikes Rule

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)).  "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'"  *Id.* (quoting 28 U.S.C. § 1915(g)); *see also Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).

---

[1]    In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).  The additional $52 administrative fee does not apply to persons granted IFP status under 28 U.S.C. § 1915(a).  *Id.*

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[I]t does not matter whether [plaintiff] might have stated a claim. What matters is that he did not do so."). The "central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25.

"[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason." *Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). Once a prisoner accumulates three strikes, however, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

**B.    Petillo's Prior "Strikes"**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances, as a review of district court dockets on PACER confirms Petillo is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions dismissed for a "qualifying reason" under § 1915(g). *Hoffman*, 928 F.3d at 1152.

3

26-cv-01537-AJB-JLB

Pursuant to Federal Rule of Evidence 201(b)(2), the Court may take judicial notice of the docket records in Petillo's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Raygoza-Garcia,* 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

The following records are sufficient to show Petillo has incurred at least eight qualifying strikes:

(1)    *Petillo v. Asuncion*, Case No. 2:17-cv-08406-JFW-AS (C.D. Cal. May 29, 2018) (Order dismissing Complaint for failing to state a claim pursuant to Fed. R. Civ. P. 8 and 28 U.S.C. § 1915A(b)) (Doc. No. 5); *id.*, 2018 WL 7048224 (C.D. Cal. Nov. 30, 2018) (Report & Recommendation ["R&R"] to dismiss for failure to amend and/or prosecute) (Doc. No. 8); *id.*, (C.D. Cal. Jan. 14, 2019) (Order accepting R&R and dismissing action with prejudice) (Doc. No. 9);[2]

(2)    *Petillo v. CIA Office of Public Affair*, Case No. 2:19-cv-05349-JFW-MAA (C.D. Cal. July 11, 2019) (Order adopting R&R to deny IFP and dismiss case as frivolous, malicious, or for failing to state a claim) (Doc. No. 6);

(3)    *Petillo v. Federal Bureau of Investigation*, Case No. 2:20-cv-07900-JFW-MAA (C.D. Cal. Sept. 30, 2020) (Order adopting R&R to deny IFP and dismiss Complaint without leave to amend as frivolous) (Doc. No. 10 at 1–2);

(4)    *Petillo v. CDCR RVD Armenta*, Case No. 2:20-cv-11004-JFW-MAA (C.D. Cal. Jan. 6, 2021) (Order adopting R&R to deny IFP and dismiss civil action for failure to state a claim) (Doc. No. 6);

(5)    *Petillo v. Zuniga*, Case No. 2:21-cv-00535-JFW-MAA (C.D. Cal. Jan. 21, 2021) (Order adopting R&R to deny IFP and dismiss Complaint as frivolous and for failing to state a claim) (Doc. No. 4);

(6)    *Petillo v. Los Angeles Police Dept., et al.*, Case No. 2:20-cv-11656-JFW-MAA  (C.D. Cal. Jan. 27, 2021) (Order adopting R&R to deny IFP and dismiss complaint as frivolous and for failing to state a claim) (Doc. No. 6);

---

[2]    *See Harris*, 863 F.3d at 1143("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

4

(7)    *Petillo v. Morales*, Case No. 2:21-cv-07180-JFW-MAA (C.D. Cal. Sept. 10, 2021) (Order adopting R&R to deny IFP and dismiss complaint as frivolous and for failing to state a claim) (Doc. No. 4); and

(8)    *Petillo v. Monique*, Case No. 2:21-CV-01996-CKD P, 2022 WL 224254, at *3 (E.D. Cal. Jan. 25, 2022) (Order granting IFP and dismissing Complaint with leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), (2)) (Doc. No. 7); *id.* (E.D. Cal. March 8, 2022) (R&R to dismiss civil action for failure to amend) (Doc. No. 11); *id.*, (E.D. Cal. May 23, 2022) (Order adopting R&R and dismissing civil action) (Doc. No. 13).

Accordingly, because Petillo accumulated these prior qualifying strike dismissals while incarcerated, and as discussed below, fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[3]

## C.    Imminent Danger Exception

In order to meet § 1915(g)'s exception, Petillo's Complaint must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and "cannot be triggered solely by complaints of past injury or

---

[3]    In fact, Petillo has been denied IFP privileges pursuant to § 1915(g) in the Southern District of California before. *See Petillo v. Donovan Prison San Diego, et al.,* Case No. 3:23-cv-02038-RSH-AHG (S.D. Cal. Dec. 15, 2023) (Order denying motions to proceed IFP as barred by 28 U.S.C. § 1915(g) and dismissing civil action for failure to pay filing fee required by 28 U.S.C. § 1914(a)) (Doc. No. 11); *Petillo v. Armenta,* Case No. 3:24-cv-00147-JLS-MSB, 2024 WL 500712, at *3 (S.D. Cal. Feb. 8, 2024) (Doc No. 9) (same).

generalized fears of possible future harm." *Hernandez v. Williams*, Case No. 3:21-cv-00347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053).

Petillo is currently incarcerated at Mule Creek State Prison but his Complaint does not contain any coherent or plausible allegations to suggest he was in "imminent danger" at the time he filed it. *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).  Instead, as best the Court can determine, Petillo appears to believe the LAPD has conspired with the CIA, the Governor of California, Nancy Pelosi, the White House, and former U.S. President Joe Biden to murder him. (*See* Compl. at 4–6.)  But these types of "[o]verly speculative," "fanciful," "ridiculous," and facially delusional assertions do not warrant an exception under section 1915(g).  *See Cervantes*, 493 F.3d at 1057 n.11 (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("Courts … deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous."); *Martin v. Shelton*, 319 F.3d 1048, 1048 (8th Cir. 2003) (declining to find imminent danger exception based on "conclusory assertions that defendants were trying to kill [the inmate] by forcing him to work in extreme [weather] conditions.")); *see also Holz v. McFadden*, 2010 WL 3069745, at *3 (C.D. Cal. May 21, 2010) ("Merely alleging that the government is going to murder you is not enough to pass through the [imminent danger] gateway."); *In re Gonzales*, 2008 WL 666465, at *1–2 (N.D. Cal. March 6, 2008) (finding prisoner's allegations of genetic experimentation, food poisoning, radiation, governmental monitoring, and a "campaign to kill him" too implausible and delusional to meet § 1915(g)'s exception for imminent danger); *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show Plaintiff faced an "ongoing danger" as required by *Cervantes*).

"The right to proceed *in forma pauperis* is not an unqualified one. […] It is a privilege, rather than a right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted). Section 1915(g) "does not prevent all prisoner from accessing the

courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status." *Rodriguez*, 169 F.3d at 1180. Thus, because Petillo's litigation history shows he is one of those prisoners, and he does not plausibly allege to have been in "imminent danger of serious physical injury" at the time he filed his Complaint, he not entitled to proceed IFP in this action. *See Cervantes,* 493 F.3d at 1055.

## II.   CONCLUSION

For the reasons explained, the Court **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a); **DENIES** Petillo leave to file a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g); **CERTIFIES** that any IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated:  May 14, 2026

Hon. Anthony J. Battaglia
United States District Judge

26-cv-01537-AJB-JLB